#### THE STATE v. DAVID BURNET AND OTHERS.

A surveyor of the highways must take, and subscribe, the oath of office before he acts.

Where the return of a road is signed by five of the surveyors only, it should appear that the sixth either met with them, or had notice of their meeting.

Where there is a material variance in the place of the beginning of the road as applied for, and of the road as actually laid out, the return will be set aside.

---

This was a certiorari directed to the Common Pleas of the county of Morris, removing into this court the proceedings in a matter of road. The reasons relied upon, for a reversal, are stated in the opinion of the court delivered by Justice Ryerson.

*J. W. Miller*, for plaintiff in certiorari.

*J. R. Brown*, for defendants.

RYERSON, J. By the evidence submitted to this court, it appears that one of the supposed surveyors, who laid out the road in question, did not file, with the clerk of the township, any oath of office, or affirmation, as required by law. The court below should not therefore have appointed him to perform this service. The error is fatal, as repeatedly decided. It appears, also that the return was signed by five only of the surveyors. It does not appear whether the sixth met with them, or had any notice of their meeting. I am inclined to think this defect is also fatal, from analogy to the second point settled in the case of the *State* v. *Scott*, 4 *Halst.* 17.

There seems, likewise, to be a variance in the place of beginning of the road applied for, and of the road as actually laid

out.   The variance is material, as appears from the map, and explanations thereof, submitted to the court.

For these reasons, the return should be set aside and quashed.

CITED in *Griscom* v. *Gilmore*, 1 *Harr.* 106 ; *N. J. R. R. & Tr. Co.* v. *Suydam*, 2 *Harr.* 42 ; *State* v. *VanBuskirk*, 1 *Zab.* 89 ; *State* v. *French*, 4 *Zab.* 737 ; *State* v. *Vandervere*, 1 *Dutch.* 234.